COLE, BOSTON STATE HOSPITAL SUPER-
INTENDENT, ET AL. *v.* RICHARDSON

No. 679. Decided March 16, 1970*

*Robert H. Quinn*, Attorney General of Massachusetts,
*Mark L. Cohen*, Assistant Attorney General, and *Gregor
I. McGregor*, Deputy Assistant Attorney General, for
appellants in No. 679. *Messrs. Quinn, Cohen, McGregor*,
and *Walter H. Mayo III*, Assistant Attorney General,
for appellees in No. 774.

*Ernest Winsor* and *John F. Cogan, Jr.*, for appellee in
No. 679 and appellant in No. 774.

Per Curiam.

The judgment is vacated and the cases are remanded
to the United States District Court for the District of
Massachusetts to determine whether these cases have
become moot.

Mr. Justice Harlan, with whom The Chief Justice
joins, concurring in the result.

The present appeals are from a single action com-
menced in the Federal District Court for the District of
Massachusetts by Mrs. Richardson, challenging the
validity of Mass. Gen. Laws Ann., c. 264, § 14 (1959).

---

*Together with No. 774, *Richardson* v. *Cole, Boston State Hos-
pital Superintendent, et al.*, also on appeal from the same court.

That law requires all public employees to subscribe to a loyalty oath which reads as follows:

> "I do solemnly swear (or affirm) that I will uphold and defend the Constitution of the United States of America and the Constitution of the Commonwealth of Massachusetts and that I will oppose the overthrow of the government of the United States of America or of this Commonwealth by force, violence or by any illegal or unconstitutional method."

Mrs. Richardson sought declaratory and injunctive relief against enforcement of the oath as a bar to her resuming employment with Boston State Hospital, and also sought damages for pay withheld by reason of her having refused to subscribe to the oath.

The District Court granted the requested declaratory and injunctive relief, but stated in its opinion, "We cannot grant her [Mrs. Richardson's] request for back pay." * Accordingly, the formal judgment contained no allusion to the back-pay request.

Dr. Cole, the hospital superintendent, and another official in No. 679 appeal from the award of declaratory and injunctive relief. Mrs. Richardson has cross-appealed from the denial of back pay and by way of response to the appeal moved for summary affirmance and suggested, in the alternative, that the appeal is moot since the particular job she held has been "discontinued." In reply, Dr. Cole has submitted an affidavit asserting that "[e]mployment consonant with [Mrs. Richardson's] abilities and qualifications has been

---

*It appears from Mrs. Richardson's jurisdictional statement in No. 774 that she stipulated in the District Court that after her formal termination of employment on November 25, 1968, for refusing to take the oath, she "volunteered to work full-time at Boston State Hospital . . . to continue her research project."

and is periodically available should she wish to apply for such employment."

I fail to understand today's wholly unexplained and extraordinary disposition of remanding to the lower court to determine if these cases are moot. Since appellants in No. 679 have not disputed Mrs. Richardson's specific statement that the job *she held* is no longer in existence, there may be some question as to whether a controversy continues to exist in that case, although I would have thought this question one to be resolved by this Court, without the necessity of a remand. Certainly, however, there can be no question that a live controversy exists over the damages question.

I am, however, content to acquiesce in the Court's action because of the manifest triviality of the impact of the oath under challenge, a factor that may, I suspect, underlie today's unusual disposition.

Whether or not one considers that the District Court erred in what perforce amounts to an exercise in semantics, I would suppose that the vagueness contentions in this instance can, depending on how one defines his terms, be characterized as at least colorable—for, as the opinion below aptly points out, almost any word or phrase may be rendered vague and ambiguous by dissection with a semantic scalpel. I do not, however, consider it a provident use of the time of this Court to coach what amounts to little more than verbal calisthenics. Cf. S. Chase, The Tyranny of Words (1959); W. Empson, Seven Types of Ambiguity (1955). This kind of semantic inquiry, however interesting, should not occupy the time of federal courts unless fundamental rights turn on the outcome.

I think it can be fairly said that subscribing to the instant oath subjected Mrs. Richardson to no more than an amenity. No First Amendment considerations, in my

view, are at all involved in these cases. This oath does not impinge on conscience or belief, except to the extent that oath taking as such may offend particular individuals. I also think it safe to say that the signing of this oath triggered no serious possibility of prosecution for either perjury or failure to perform the obligations of the oath. Indeed, I consider it most unfortunate that our past decisions in this field can be construed even to require solemn convocation of three federal judges to deal with a matter of such practical inconsequence.

MR. JUSTICE DOUGLAS, dissenting.

The plaintiff Richardson brought this action before a three-judge District Court to declare unconstitutional a Massachusetts loyalty oath statute, to enjoin her superiors at the Boston State Hospital from prohibiting her from discharging her duties at the hospital, and to recover back pay. The District Court entered its opinion, granting the declaratory and injunctive relief but denying the claim for back pay, on June 26, 1969. 300 F. Supp. 1321. Appellants in No. 679 filed a notice of appeal from the grant of injunctive and declaratory relief in the District Court on July 30, 1969, and docketed a timely appeal in this Court on September 29, 1969. Notice of appeal from the denial of back pay was filed in No. 774 in the District Court on August 25, 1969, and a timely appeal was docketed in this Court on October 24, 1969.

On October 25, 1969, appellee in No. 679 filed a motion to affirm or dismiss on the grounds of mootness: "At the time this case was heard and argued in the district court the appellee's job at Boston State Hospital was still in existence, but at or before the time the appellants filed their present appeal such job had been discontinued."

In reply, appellants in No. 679 deny that the case is

moot and in support thereof submit an affidavit of Dr. Cole, Superintendent of the Boston State Hospital, which states:

"1. At all times subsequent to the decision of the United States District Court in the above-entitled case on June 26, 1969 it has been, and at the present time is, open for the appellee Lucretia Peteros Richardson to apply for employment at Boston State Hospital and enjoy full consideration pursuant to the terms of the decision of the District Court;

"2. Employment consonant with her abilities and qualifications has been and is periodically available should she wish to apply for such employment;

"3. The project for which the appellee was hired is still on-going at Boston State Hospital."

I do not see how one can even arguably maintain that the cases are moot.

The question tendered is an important one. The state oath struck down by the District Court on the grounds of vagueness reads as follows:

"I do solemnly swear (or affirm) that I will uphold and defend the Constitution of the United States of America and the Constitution of the Commonwealth of Massachusetts and that I will oppose the overthrow of the government of the United States of America or of this Commonwealth by force, violence or by any illegal or unconstitutional method." Mass. Gen. Laws Ann., c. 264, § 14 (1959).

The District Court said:

"A 'violation' of section 14, which presumably means a failure to 'live up' to the oath, since its phraseology is in the future tense, is a felony." 300 F. Supp., at 1322.

The unanimous opinion of the District Court holding the oath unconstitutional is earnestly challenged by appellants in No. 679, who maintain that the invalidation of the oath is an unwarranted federal invasion of the State's domain.

I would note probable jurisdiction on both appeals and put the cases down for oral argument.